(88 Misc. Rep. 689)

In re KOVACS.

(Supreme Court, Special Term, Kings County.   January 13, 1915.)

BANKS AND BANKING (§ 4*)—CARRIERS (§ 252*)—TICKET SELLER—PRIVATE
    BANKER—BOND—DISCHARGE—RETURN OF SECURITY.

    Laws 1914, c. 369, § 500, which repeals Laws 1910, c. 348, as amended
by Laws 1911, c. 393, requiring a $20,000 bond from any person engaged in
the business of receiving deposits of money, authorizes an order canceling
a bond given under the 1910 law, and requiring a return of the collateral
deposited with the surety, but does not authorize such an order as to a
bond given under Laws 1907, c. 185, as amended by Laws 1908, c. 479,
requiring a $15,000 bond as a condition of being allowed to sell tickets
for transportation to or from foreign countries.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 3;
Dec. Dig. § 4;* Carriers, Cent. Dig. §§ 1009, 1010, 1015; Dec. Dig. § 252.*]

Application of John Kovacs for an order canceling bonds and re-
quiring return of collateral security held thereunder.   Granted as to
one bond, and denied as to the other.

Anton Gronich, of New York City, for petitioner.
Nelson L. Keach, of New York City, for Illinois Surety Co.

MANNING, J.   On September 8, 1908, John Kovacs, a private
banker, the petitioner herein, paid to the Illinois Surety Company the
sum of $2,000 as collateral security upon a bond which they issued in
his behalf pursuant to Laws 1907, c. 185, as amended by Laws 1908,
c. 479, which law has been incorporated in the Consolidated Laws
(General Business Law, art. 10; Laws 1909, c. 25), and provides that
all persons engaged in the selling of steamship or railroad tickets for
transportation to or from foreign countries shall make and deliver a
bond to the state of New York in the sum of $15,000 before com-
mencing business.   It appears from the papers submitted that this bond
is still in force and effect.   On September 24, 1910, the petitioner gave
to the Illinois Surety Company an assignment of a bond and mortgage
covering certain premises in Brooklyn, in the sum of $9,500 as collat-
eral security upon a bond for $20,000, which they issued in his behalf
pursuant to Laws 1910, c. 348, as amended by Laws 1911, c. 393, pro-
viding that such a bond must be filed by any person or persons who
shall hereafter engage directly or indirectly in the business of receiving
deposits of money.   The new Banking Law (Laws 1914, c. 369, § 500)
repealed both the above statutes.

John Kovacs submits proof that he has complied with the new Bank-
ing Law and is authorized to do business as a private banker, and he
now makes this application under said law to cancel the bond given
pursuant to Laws 1910, c. 348, as amended, requesting that the said
Illinois Surety Company be relieved from all liability thereunder, and
that the indemnity or securities received and held by the said surety
company on account of said bond be assigned and transferred to him.
In this application he seeks to merge the $2,000 given as collateral
security for the bond in the sum of $15,000 with the bond and mortgage

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

given as security for the $20,000 bond. The surety company objects to returning the $2,000, collateral for the $15,000, bond, but does not object to giving up the bond and mortgage, collateral for the $20,000 given under and pursuant to the Laws of 1910, as amended, when that bond is canceled. It contends that it is still liable to depositors under the $15,000 bond, inasmuch as the law of 1908, as amended, is not recited in the new Banking Law, and therefore the liability still attaches to their bond, and this court is without power to cancel its obligation or to confiscate its collateral security in this proceeding.

Laws 1914, c. 369, § 161, provides:

"At any time after this article takes effect any private banker, who has heretofore given a bond to the comptroller pursuant to the provisions of chapter three hundred forty-eight of the laws of nineteen hundred ten, as amended by chapter three hundred ninety-three of the laws of nineteen hundred eleven, may institute a proceeding in the supreme court in the county in which said private banker's place of business is located for an order discharging the surety company from any liability under such bond."

This section specifically provides for the discharge of the surety and the return of the securities or indemnity to the private banker, which he deposited with the surety under the $20,000 bond.

There is no provision in the new Banking Law for the discharge of a surety under the Laws of 1908, as amended, under which the deposit of $2,000 collateral was made for the execution of the $15,000 bond. It is true that the general repealing section of the new law annuls this statute; but this surely does not of itself destroy the right of the depositors of the private banker, who were protected by the bond given pursuant to that law, to look to the Surety Company. The bond is still in force and effect, and the surety company is liable thereupon, and therefore it is entitled to retain the collateral deposited. If the petitioner is entitled to have this bond canceled, there is nothing in the new law or this decision to preclude him from commencing a proceeding to have the $15,000 bond canceled and thereby secure the release of his collateral; but he does not seek that relief here.

The motion to cancel the bond given pursuant to the law of 1910, as amended, in the sum of $20,000, is granted, and an order discharging and releasing the surety company from any and all liability on such bond and directing it to surrender to the petitioner the assignment of mortgage in the sum of $9,500, deposited as collateral security, will be signed. The motion, in so far as it requests the cancellation of the bond for $15,000 and the return of the $2,000 collateral security held thereunder is denied.

No costs. Settle order on notice.